SHARP, Judge.
The McDay Corporation and Coast Mortgage and Realty Investors (hereinafter col *21 lectively referred to as Buyer) appeal from a final judgment determining that Colonial Penn Communities, Inc. was entitled to retain Buyer’s $250,000.00 deposit made on a purchase and sale agreement with Colonial, because Buyer breached its agreement with Colonial by failing to close on August 30, 1982. We reverse because the record shows that Buyer did not breach the purchase and sale agreement by failing to close on that date. Accordingly, we also affirm the denial of attorney’s fees to ap-pellees in Case Number 84-106 and we reverse the attorney’s fee awarded to ap-pellees in Case Number 83-1243.
Buyer contracted to purchase a mobile home park which had been developed by Colonial in Lake County, Florida, with various other associations, including the National Retired Teacher Association (N.R.T. A.). As part of this arrangement, Colonial and N.R.T.A. entered into an agreement which obligated Colonial to perform a variety of services and functions with regard to the mobile home park. Colonial’s duties as embodied in the N.R.T.A. agreement exceeded those enumerated in the leases entered into by Colonial and the lessees of the park.
Buyer sought to prevent itself from assuming any of Colonial’s duties contained in the N.R.T.A. agreement by inserting the following clause in the purchase and sales agreement:
Buyer and Seller further agree that Buyer, by acquiring the property, is not acquiring Seller’s obligations under the Teachers Agreement, that said agreement shall not be extended or affirmed hereby and that Buyer should not otherwise be bound by its provisions, covenants and conditions.
Further, in the purchase contract there was a warranty by Colonial to the Buyer that there was no litigation as to the property that would involve the Buyer regarding Seller’s operation of the park either before or after the closing.
(g) To Seller’s knowledge, there is no litigation as to the Property that would involve the Buyer, and Seller agrees to indemnify and hold Buyer harmless from any and all damage, loss, cost and expense, including reasonable attorney’s fees, which Buyer may sustain or incur incident to any litigation existing or which may arise prior or subsequent to Closing with respect to any action or failure to act as to the Seller of the Property and the operation thereof which occurred prior to Closing, except for litigation between Buyer and Seller, or otherwise, arising out of or in connection with this Agreement or the transactions contemplated hereby.
After the purchase and sale contract had been signed, the mobile home tenants filed a lawsuit against Colonial and the Buyer, seeking an injunction against the sale, and a declaration that the services to the park would remain at the same level after the closing.
Three days before closing, the trial court issued a preliminary injunction against Colonial ordering that all of the services being delivered to the lessees be maintained at the same level as they existed on March 1, 1982, the date of the purchase and sale agreement. When Buyer refused to close because of this litigation, Colonial brought suit and the trial court found that Buyer violated the sales agreement by not closing on the contract date.
We think that there existed valid reasons for excusing Buyer’s performance on the closing date. At that time, Colonial was embroiled in a lawsuit with its tenants to determine the level of services it was obligated to provide under the terms of the leases. The fact that a preliminary injunction was issued indicates a strong possibility that the tenants would be successful on the merits on their theory that the leases entered into between themselves and Colonial were modified so as to incorporate the terms of the N.R.T.A. agreement by the course of conduct between Colonial and its tenants.
Rather than compelling the Buyer to venture out into this sea of litigation, it should have been allowed to prudently wait out the storm before closing. In sum, a buyer *22 should not be required to buy a lawsuit, particularly one it foresaw and had adequately protected itself against in the purchase contract. Cf Walker v. Close, 98 Fla. 1103, 125 So. 521 (1929); Annot, 57 A.L.R. 1253 (1928). Accordingly, the judgments appealed in Case Numbers 83-1042 and 83-1243 are reversed; and Case Number 84-106 is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
DAUKSCH, J., concurs.
COWART, J., dissents without opinion.